

May 24, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20383-CR-LENARD/O'SULLIVAN

18 U.S.C. § 371
22 U.S.C. § 2778
18 U.S.C. § 554
18 U.S.C. § 981(a)(1)(C)
22 U.S.C. § 401
21 U.S.C. § 853

UNITED STATES OF AMERICA

v.

IVAN RODRIGUEZ,
DANNY RODRIGUEZ,
MARIO OBDULIO PADILLA, and
IVON CASTANEDA,

            Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1. In furtherance of the national security and foreign policy interests of the United States, the United States regulates and restricts the export of arms, munitions, implements of war and defense articles, pursuant to the Arms Export Control Act (the "AECA"), codified at Title 22, United States Code, Section 2778.

2. A principal purpose of these laws is to provide accurate and truthful information to the United States to allow departments of the United States government to monitor and control the use of defense articles.

3. The regulations which govern such exports are entitled the International Traffic in Arms Regulations (the "ITAR"), Title 22, Code of Federal Regulations, Sections 120-130. The ITAR contains a list of defense articles and defense services which are subject to control by these regulations. The list is called the United States Munitions List, Title 22, Code of Federal Regulations, Section 121.1.

4. Pursuant to the AECA and the ITAR, no defense articles or defense services may be exported or otherwise transferred from the United States to another country without a license from the United States Department of State, Directorate of Defense Trade Controls. The ITAR also prohibits re-exports, transfers, transshipments, and diversions from foreign countries of previously exported defense articles or services without State Department authorization.

5. AR-15/M-16 semi-automatic rifles, as well as their barrels, receivers, components, parts, and accessories are categorized as defense articles under the United States Munitions List, Title 22, Code of Federal Regulations, Sections 121.1(g) and (h).

6. At all times relevant to this Indictment, the defendants did not possess or obtain any necessary licenses for export outside of the United States of AR-15/M-16 barrels, receivers, components, parts, and accessories.

## COUNT 1

The allegations set forth in paragraphs 1 through 6 of the General Allegations are hereby incorporated as if set forth fully therein.

Beginning at least as early as in or about September 2011, the exact date being unknown to the Grand Jury, through on or about April 27, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**IVAN RODRIGUEZ,
DANNY RODRIGUEZ,**

**MARIO OBDULIO PADILLA,**
and
**IVON CASTANEDA,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly and willfully export "defense articles," that is AR-15/M-16 firearm barrels, receivers, components, parts, and accessories, from the United States to a place outside thereof, that is, Honduras,

(i) without having first obtained a license and written approval from the United States Department of State, Directorate of Defense Trade Control, in violation of Title 22, United States Code, Section 2778 and Title 22, Code of Federal Regulations, Sections 121.1(g) and (h); and

(ii) by concealing and facilitating the concealment of such articles and objects, prior to exportation, knowing the same to be intended for exportation contrary to federal law and regulation, in violation of Title 18, United States Code, Section 554.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. In or during September 2011, via telephone and electronic mail, Defendant **IVAN RODRIGUEZ**, ordered sixty-four (64) AR-15/M-16 upper receiver kits (hereinafter, "Order # 1") from M&A Parts, Incorporated ("M&A Parts") via Kodiak Sales ("Kodiak"), a retailer located in Miami, Florida.

2. On or about October 17, 2011, in Miami, Florida, Defendant **MARIO OBDULIO PADILLA** retrieved a portion of Order # 1 from Kodiak, that is, sixteen (16) AR-15/M-16 upper receiver kits.

3. On or about October 17, 2011, in Miami, Florida, Defendant **MARIO OBDULIO PADILLA** attempted to ship sixteen (16) AR-15/M-16 upper receiver kits from the United States to an unknown conspirator in San Pedro Sula, Honduras.

4. In or during October 2011, via telephone and electronic mail, Defendant **IVAN RODRIGUEZ** ordered additional AR-15/M-16 upper receiver kits from Kodiak (hereinafter, "Order # 2").

5. On or about November 3, 2011, in Miami, Florida, Defendant **MARIO OBDULIO PADILLA** retrieved a portion of Order # 2, that is, AR-15/M16 upper receiver kits, from Kodiak.

6. On or about February 17, 2012, Defendant **DANNY RODRIGUEZ** ordered forty-eight (48) AR-15/M-16 upper receiver kits (hereinafter, "Order # 3") from M&A Parts via Security Arms International ("S.A.I."), a retailer located in Miami, Florida.

7. On or about March 15, 2012, via telephone, Defendant **DANNY RODRIGUEZ** instructed an undercover law enforcement officer, posing as a business owner in Miami, Florida, to contact Defendant **IVON CASTANEDA** to have Order # 3 shipped from the United States to Honduras.

8. On or about March 21, 2012, in Miami, Florida, Defendant **IVON CASTANEDA** attempted to retrieve a portion of Order # 3, that is, thirty-two (32) AR-15/M-16 upper receiver kits, from the undercover law enforcement officer's purported business.

9. On or about March 27, 2012, Defendant **IVON CASTANEDA** paid an international shipping company $1,648.22 to ship a portion of Order # 3, that is, thirty-two (32) AR-15/M-16 upper receiver kits, to an unknown coconspirator in San Pedro Sula, Honduras. On the airway bill, the contents of the package were listed as "motor parts."

10. On or about April 27, 2012, in Miami, Florida, Defendant **IVON CASTANEDA**, by and through persons known to the Grand Jury, attempted to retrieve the remainder of Order # 3, that is, sixteen (16) AR-15/M-16 upper receiver kits, from an undercover law enforcement officer.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

The allegations set forth in paragraphs 1 through 6 of the General Allegations are hereby incorporated as if set forth fully therein.

On or about October 17, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**IVAN RODRIGUEZ,**
**DANNY RODRIGUEZ,**
**and**
**MARIO OBDULIO PADILLA,**

did knowingly and willfully attempt to export "defense articles," that is AR-15/M-16 firearm barrels, receivers, components, parts, and accessories, from the United States to a place outside thereof, that is, Honduras, without having first obtained a license or written approval from the United States Department of State, Directorate of Defense Trade Control, in violation of Title 22, United States Code, Section 2778, Title 22, Code of Federal Regulations, Sections 121.1(g) and (h), and Title 22, Code of Federal Regulations, Section 127.1(a)(1).

## COUNT 3

The allegations set forth in paragraphs 1 through 6 of the General Allegations are hereby incorporated as if set forth fully therein.

On or about October 17, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**IVAN RODRIGUEZ,
DANNY RODRIGUEZ,
and
MARIO OBDULIO PADILLA,**

did knowingly and willfully attempt to export and send from the United States to Honduras, a place outside of the United States, any article or object, that is, AR-15/M-16 firearm barrels, receivers, components, parts, and accessories designated as "defense articles" in Category I of the United States Munitions List, contrary to any law and regulation of the United States, namely, Title 22, United States Code, Section 2778, and did conceal and facilitate the concealment of such article and object, prior to exportation, knowing the same to be intended for exportation contrary to law and regulation; in violation of Title 18, United States Code, Section 554.

## COUNT 4

The allegations set forth in paragraphs 1 through 6 of the General Allegations are hereby incorporated as if set forth fully therein.

On or about March 27, 2012, in Miami-Dade County, in the Southern District of Florida, the defendants,

**IVAN RODRIGUEZ,
DANNY RODRIGUEZ,
and
IVON CASTANEDA,**

did knowingly and willfully attempt to export "defense articles," that is AR-15/M-16 firearm barrels, receivers, components, parts, and accessories, from the United States to a place outside thereof, that is, Honduras, without having first obtained a license or written approval from the United States Department of State, Directorate of Defense Trade Control, in violation of Title 22, United States Code, Section 2778, Title 22, Code of Federal Regulations, Sections 121.1(g) and (h), and Title 22, Code of Federal Regulations, Section 127.1(a)(1).

## COUNT 5

The allegations set forth in paragraphs 1 through 6 of the General Allegations are hereby incorporated as if set forth fully therein.

On or about March 27, 2012, in Miami-Dade County, in the Southern District of Florida, the defendants,

**IVAN RODRIGUEZ,
DANNY RODRIGUEZ,
and
IVON CASTANEDA,**

did knowingly and willfully attempt to export and send from the United States to Honduras, a place outside of the United States, any article or object, that is, AR-15/M-16 firearm barrels, receivers, components, parts, and accessories designated as "defense articles" in Category I of the United States Munitions List, contrary to any law and regulation of the United States, namely, Title 22, United States Code, Section 2778, and did conceal and facilitate the concealment of such article and object, prior to exportation, knowing the same to be intended for exportation contrary to law and regulation; in violation of Title 18, United States Code, Section 554.

## FORFEITURE ALLEGATION

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of a violation of Title 22, United States Code, Section 2778 and/or a violation of Title 18, United States Code, Section 554, as alleged in this Indictment, the defendants shall forfeit all of his right, title and interest to the United States in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and in all arms or munitions of war and other articles, vessels, vehicles, and aircraft seized as a result of such violation, pursuant to Title 22, United States Code, Section 401.

3. All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 22, United States Code, Section 401, both of which are made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL.

FOREPERSON

WIFREDO FERRER
UNITED STATES ATTORNEY

VANESSA S. JOHANNES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    CASE NO. _____

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

IVAN RODRIGUEZ, DANNY RODRIGUEZ,
MARIO OBDULIO PADILLA and IVON CASTANEDA,

           Defendants.        /    **Superseding Case Information:**

**Court Division**: (Select One)            New Defendant(s)         Yes ____  No ____
                                            Number of New Defendants ____
X   Miami  ____ Key West                    Total number of counts   ____
____ FTL   ____ WPB       ____ FTP

   I do hereby certify that:

   1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

   2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

   3.  Interpreter:  (Yes or No)     YES
       List language and/or dialect  SPANISH

   4.  This case will take  5-7  days for the parties to try.

   5.  Please check appropriate category and type of offense listed below:

       (Check only one)                          (Check only one)

       I    0 to 5 days        X              Petty      ____
       II   6 to 10 days       ____           Minor      ____
       III  11 to 20 days      ____           Misdem.    ____
       IV   21 to 60 days      ____           Felony      X
       V    61 days and over   ____

   6.  Has this case been previously filed in this District Court? (Yes or No)  NO
       If yes:
       Judge: _____    Case No. _____
       (Attach copy of dispositive order)
       Has a complaint been filed in this matter?  (Yes or No)  YES
       If yes:
       Magistrate Case No. _____
       Related Miscellaneous numbers: _____
       Defendant(s) in federal custody as of _____
       Defendant(s) in state custody as of _____
       Rule 20 from the _____   District of _____

       Is this a potential death penalty case? (Yes or No)   NO

   7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes   X  No

   8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____ Yes   X  No

                                        _____
                                        VANESSA S. JOHANNES
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Court No. A5501644

*Penalty Sheet(s) attached                                      REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **IVAN RODRIGUEZ**

Case No: _____

Count #: 1

Conspiracy to export firearm parts from the United States to Honduras without a license

Title 22, United States Code, Section 2778 (Arms Export Control Act)

\* Max. Penalty: 20 Years Imprisonment

Count #:

\*Max. Penalty:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MARIO OBDULIO PADILLA

**Case No:** _____

Count #: 1

Conspiracy to export firearm parts from the United States to Honduras without a license

Title 22, United States Code, 2778 (Arms Export Control Act)

\* **Max. Penalty**: 20 Years' Imprisonment

Count #: 2

Attempting to export firearm parts from the United States to Honduras without a license

Title 22, United States Code, 2778 (Arms Export Control Act)

\* **Max. Penalty**: 10 Years' Imprisonment

Count #: 3

Attempting to smuggle goods from the United States to Honduras

Title 18, United States Code, Section 554

\***Max. Penalty:** 10 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: IVON CASTANEDA

Case No: _____

Count #: 1

Conspiracy to export firearm parts from the United States to Honduras without a license

Title 22, United States Code, 2778 (Arms Export Control Act)

* Max. Penalty: 20 Years' Imprisonment

Count #: 4

Attempting to export firearm parts from the United States to Honduras without a license

Title 22, United States Code, 2778 (Arms Export Control Act)

* Max. Penalty: 10 Years' Imprisonment

Count #: 5

Attempting to smuggle goods from the United States to Honduras

Title 18, United States Code, Section 554

*Max. Penalty: 10 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DANNY RODRIGUEZ

**Case No:** _____

Count #: 1

Conspiracy to export firearm parts from the United States to Honduras without a license

Title 22, United States Code, Section 2778 (Arms Export Control Act)

\* **Max. Penalty:** 20 Years Imprisonment

---

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.